United States District Court
Southern District of Texas
**ENTERED**
October 24, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JESUS ARRONA, *et al*, | § § | |
| Plaintiffs, | § | |
| VS. | § § | CIVIL ACTION NO. 4:15-CV-02680 |
| BLUESTONE NATURAL RESOURCES, LLC, | § § § § | |
| Defendant. | § | |

## OPINION AND ORDER

Pending before the Court is the Motion filed by Plaintiffs, Jesus Arrona, Mario Arrona, Cesar Huerta and Abdon Urbina ("Plaintiffs") to Quash Defendant Bluestone Natural Resources, LLC's ("Defendant") Subpoenas to Pioneer Wells Services, LLC ("Motion"). Doc. 19. Having considered Plaintiffs' Motion; Defendant's Response, Doc. 20; the facts in the record; and the applicable law, the Court concludes that the Motion should be denied because Plaintiffs lack standing to challenge the subpoena.

Pioneer Energy Services was designated responsible third party because it allegedly employed and supervised Plaintiffs during and in connection with the incident made the basis of this lawsuit. Doc. 13. Subsequently, Pioneer Well Services, LLC was sent a subpoena to produce certain personal files, job descriptions, certifications, training documentation, safety documentation, and other documentation concerning Plaintiffs. Docs. 19-2, 20-1, 20-2. Plaintiffs objected to the subpoenas and Defendant responded. Docs. 19, 20.

Plaintiffs move to quash the subpoena on the three grounds of geographical limitation, improper discovery mechanism, and irrelevance: (1) "The subpoena requires compliance beyond the geographical limits of Fed. R. Civ. P. 45(c) and is an impermissible discovery"; (2) "The

1 / 3

proper conduit for obtaining documents from a party is through a Request for Production under *Fed. R. Civ. P. 34*," not a subpoena; and (3) "The Defendant's subpoena to Pioneer Well Services for the documents aforementioned relating to the Plaintiffs employment do not advance the inquiry," and are thus "irrelevant." Doc. 19 at 2–3. Defendants assert that "Plaintiffs have no standing to bring this Motion because the Subpoenas are not directed to them." Doc. 20 at 3. The Court agrees.

A party lacks standing to challenge a subpoena absent possession of the subpoenaed materials and a showing that he or she has personal right or privilege as to the materials. *See Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979) (holding same under 35 U.S.C. § 24); *Cruz v. Fulton*, No. CV 14-2015, 2016 WL 5404634, at *2 (E.D. La. Sept. 28, 2016) (extending *Brown* to subpoena's issued under Federal Rule of Civil Procedure 45). Sister courts have held that a party may not challenge a subpoena to a third party on the grounds of irrelevance or undue burden. *Cruz*, 2016 WL 5404634, at *2 (summarizing cases). Other courts, however, have held that a party has standing to move for a protective order to benefit the third party under Federal Rule of Civil Procedure 26. *Id.* citing (*Bounds v. Capital Area Family Violence Intervention Ctr., Inc.*, 314 F.R.D. 214, 218–19 (M.D. La. 2016)). The Court finds the sister courts persuasive.

Here, Plaintiffs do not object to the subpoenas on the basis of personal right or privilege, but on the grounds of (1) geographical limitation, (2) improper discovery mechanism, and (3) irrelevance. Plaintiffs have not filed a motion for a protective order on behalf of the third party. Because Plaintiffs do not assert a personal right or privilege, nor did they file a motion for a protective order, they provide no ground upon which the Court may provide them relief. *See Brown*, 595 F.2d at 967; *Cruz*, 2016 WL 5404634, at *2.

Accordingly, this Court concludes that Plaintiffs lack standing to challenge Defendant's

subpoenas to third party Pioneer Well Services, LLC.

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiffs' Motion to Quash, Doc. 19, is **DENIED**.

SIGNED at Houston, Texas, this 23rd day of October, 2017.

                                        MELINDA HARMON
                            UNITED STATES DISTRICT JUDGE